IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                          Criminal Action No. **3:07CR122**

**TYTRAY LAMONT MARTIN**

MEMORANDUM OPINION

Tytray Lamont Martin pled guilty to distributing cocaine base. On August 24, 2007, the Court sentenced Martin to a 188-month term of imprisonment. Martin did not file an appeal. On December 18, 2007, Martin filed his 28 U.S.C. § 2255 motion. Martin raised the following claims:

Claim 1:   The Government lacked "legislative, territorial, or admiralty jurisdiction" over the area in which Martin committed his offense.

Claim 2:   The indictment did not allege, and the Government failed to prove, the existence of a nexus with interstate or foreign commerce.

Claim 3:   Titles 18 and 21 of the United States Code are invalid and unconstitutional.

(§ 2255 Mot. 5-9.) On February 19, 2008, the United States filed a response. Martin has filed a reply to the response.

I. ANALYSIS

Many Courts have considered claims similar to Martin's, rejecting them as frivolous. E.g. United States v. Manfre, Nos. 2:08cv02137, 2:02cr20024, 2009 WL 160312, at *4-6 (W.D. Ark. Jan. 21, 2009); Simmerer v. United States, No. 6:07cv00300, 6:04cr00007, 2008 WL 897091, at *1-2 (M.D. Fla. Mar. 31, 2008). These claims nevertheless have "spread unchecked among prisoners and jailhouse

lawyers throughout the country," United States v. Felipe, Nos. 2:07cv00061, 2:05cr00711, 2007 WL 2207804, at *2 (E.D. Pa. July 30, 2007), and "prison lawyer(s)" like the ones with whom Martin has consulted continue to urge them on successive generations of new inmates.[1] (Mot. to Supplement § 2255 Mot. 2.) These legal fantasies are also recycled by unscrupulous operators of web sites that offer dubious legal advice. See, e.g., April Newsletter, International Legal Services, available online at http://intlegalservices.com/AprilNewsletter.html ("This company has spent over 3,000 hours of research over a period of 3 years investigating the invalidity of Title 18 (Public Law 80-772) 1948 and copyrighting the arguments. . . . that every federal prisoner since 1948 was knowingly and illegally prosecuted and imprisoned by the federal government."); see also United States v. James, No. CR 102-003, 2007 WL 3333467, at *1 (S.D. Ga. Nov. 8, 2007) (rejecting similar claims as "'unbelievably frivolous'" (quoting United States v. States, No. 06-2345, 2007 WL 2768906 (7th Cir. Sept. 24, 2007)). The Court hopes that an unambiguous and emphatic rejection of these claims will help federal offenders avoid such purveyors of false hope in the future.

Claim 1 amounts to an argument that federal courts lack subject matter jurisdiction to prosecute crimes not occurring on

---

[1] Indeed, the memorandum in support of Martin's claims is quite clearly copied from another filing, with a new signature page added.

2

federal property. This argument is completely devoid of merit. <u>See</u>, <u>e.g.</u>, <u>United States v. Deering</u>, 179 F.3d 592, 597 (8th Cir. 1999). The fact that Martin was charged with crimes against the United States confers subject matter jurisdiction on this Court. 18 U.S.C. § 3231. As discussed below, 18 U.S.C. § 3231 is a valid statute. Claim 1 will be DISMISSED.

Claim 2 attacks the Government's failure to allege or prove that Martin's offense affected interstate commerce. Martin concedes that 21 U.S.C. 841(a)(1), pursuant to which he charged, does not include such an element. (Reply to Resp. to § 2255 Motion 2 n.1.) Nevertheless, Martin argues that Congress exceeded its authority in passing such a law. Martin is incorrect. <u>Perez v. United States</u>, 402 U.S. 146, 154-55 (1971) (explaining that Congress may regulate purely local transactions due to aggregate effect on commerce); <u>United States v. Leshuk</u>, 65 F.3d 1105, 1112 (4th Cir. 1995) (upholding constitutionality of federal drug laws against Commerce Clause challenge); <u>see</u> 21 U.S.C. § 801(5) (finding that federal drug laws are necessary to prevent intrastate drug trafficking with a substantial effect on interstate commerce); <u>see also</u> <u>Gonzales v. Raich</u>, 545 U.S. 1, 32-33 (2005) (concluding that, "[g]iven the findings [in 21 U.S.C. § 801] and the undisputed magnitude of the commercial market for marijuana," Congress enjoyed power to regulate completely intrastate cultivation of medical marijuana for personal use). Because 21 U.S.C § 841 represents a constitutional exercise of regulatory power, there is no need for

the government to allege or prove any interstate nexus in relation to Martin's conviction. Leshuk, 65 F.3d at 1112 (quoting United States v. Lopez, 514 U.S 549, 558 (1995)). Claim 2 will be DISMISSED.

In Claim 3, Martin re-hashes the tired argument that Public Law 80-722, later codified at 18 U.S.C. § 3231, was never properly enacted due to procedural irregularities. Specifically, Martin argues that the bill was never passed by the House of Representatives, was never certified, and was signed by President Truman "after it was misrepresented to him . . . as a bill passed by both Houses, which was impossible since no Congress was in session." (Reply to Response to § 2255 Mot. 6.) All of Martin's arguments rely on the erroneous premise that the version of the bill voted on by the House was "killed" when both houses of Congress adjourned for a December recess, rendering the bill's later passage in the Senate a nullity. See Derleth v. United States, Nos. 5:05cv00205, 5:03cr01745, 2006 WL 1804618, at *2-4 (S.D. Tex. June 27, 2006) (summarizing argument). Martin is wrong. Id.; see also Felipe, 2007 WL 2207804, at *2 (collecting cases and tracing history and evolution of "this mythical story concerning the irregular adoption of Public Law Number 80-772"); United States v. Risquet, 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006). Claim 3 will be DISMISSED.

## II. MARTIN'S MOTION FOR APPOINTED COUNSEL

On December 31, 2007, Martin filed a motion to appoint counsel. There is no constitutional right to counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Moreover, despite his poor choice of legal argument, Martin's filings demonstrate that he is able to adequately communicate with the Court. Justice does not require the appointment of counsel at this time. See 18 U.S.C. § 3006A(a)(2)(B). Martin's motion to appoint counsel (Docket No. 27) will be DENIED WITHOUT PREJUDICE.

## III. MARTIN'S MOTION TO AMEND

On July 15, 2008, the Court received Martin's motion to amend his § 2255 motion. Martin explains that he did not understand that federal law allows only a single § 2255 motion. Martin seeks to add the following claim:

> Claim A: Counsel rendered ineffective assistance by
> (1) failing to object to information in the presentence report ("PSR"),
> (2) failing to file an appeal; and,
> (3) "failed to adversarially investigate, examine evidence, or file motions in Martin's defense."

(Mot. to Amend 3.)

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been served, amendment of the original pleading requires consent of the opposing party or leave of court, which "should freely give leave when justice so

requires." Fed. R. Civ. P. 15(a)(2). The United States Court of Appeals for the Fourth Circuit has held that "[u]nder Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000). It appearing that the motion to amend was made in good faith, that the United States will not be unduly prejudiced, and that the amendments sought are not clearly futile, Martin's Motion to Amend will be GRANTED. The United States will be ORDERED to respond to Claim A.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Martin and counsel of record.

And it is so ORDERED.

                                                        /s/       REP
Robert E. Payne
Senior United States District Judge

Date: August 6, 2009
Richmond, Virginia