IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:07CR122

TYTRAY LAMONT MARTIN

**MEMORANDUM OPINION**

Tytray Lamont Martin, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion.

**I. PROCEDURAL HISTORY**

On April 3, 2007, a grand jury charged Martin in a three-count indictment with two counts of distributing a substance containing a detectable amount of cocaine base and one count of distributing five or more grams of a substance containing a detectable amount of cocaine base. On June 6, 2007, Martin pled guilty to one count of distributing a substance containing a detectable amount of cocaine base. On August 24, 2007, pursuant to a determination that Martin was a career offender, the Court sentenced Martin to a term of imprisonment of 188 months.

On December 18, 2007, Martin filed a 28 U.S.C. § 2255 Motion. Martin argued that the United States lacked territorial jurisdiction, that the indictment did not allege an interstate commerce nexus, and that due to procedural irregularities no United States criminal law existed. Martin subsequently filed a motion to supplement his petition with additional claims. On August 6, 2009,

the Court dismissed the claims in Martin's original § 2255 motion, and ordered the United States to respond to the supplemental claims. The United States has filed a response, to which Martin has failed to reply. This matter is ripe for judgment.

## II. MARTIN'S GROUNDS FOR § 2255 RELIEF

Martin raises the following claims for relief:

Claim 1  Counsel rendered ineffective assistance by failing to object to the presentence report ("PSR") on the grounds that:
(a)  prior convictions used to qualify Martin as a career offender were the result of violations of Martin's right to effective assistance of counsel; and,
(b)  the weight of drugs for which Martin was held responsible was incorrect.

Claim 2  Counsel rendered ineffective assistance by failing to file a direct appeal, in contravention of Martin's direct order.

Claim 3  Counsel rendered ineffective assistance by failing to "investigate, examine evidence, or file motions in Martin's defense." (Renewed Mot. to Amend 4.)

The United States contends that Martin's claims lack merit. For the reasons explained below, the Court will DISMISS Claims 1(a), 1(b), and 3; and REFER Claim 2 to the Honorable M. Hannah Lauck, United States Magistrate Judge, for further proceedings.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the

2

defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The Supreme Court further has admonished that "[t]o counteract the natural tendency to fault an unsuccessful defense, a court reviewing a claim of ineffective assistance must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Nix v. Whiteside, 475 U.S. 157, 165 (1986)(quoting Strickland, 466 U.S. at 689).

To satisfy the prejudice prong of Strickland, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor

3

during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)(internal citations and quotations omitted). Thus, the United States Court of Appeals for the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

A. Claim 1: Failure to Challenge the Presentence Report

In Claim 1(a), Martin asserts without elaboration that he informed counsel that "all his prior convictions were in fact determined in violation of his Sixth Amendment rights. Martin had specifically informed counsel . . . that he wished to object to the use of them at his sentencing hearing." (Renewed Mot. to Amend 3.) A defendant in a federal sentencing proceeding has no right to

collaterally challenge a prior state court conviction used to enhance his sentence with the single exception of cases in which the defendant can establish that the prior state conviction was obtained in violation of the Sixth Amendment right to court-appointed counsel at trial as established by the Supreme Court in <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963). <u>See</u> <u>Daniels v. United States</u>, 532 U.S. 374, 376 (2001); <u>Custis v. United States</u>, 511 U.S. 485, 496 (1994). The <u>Gideon</u> exception is limited to the "complete denial of the right to counsel," and does not extend to lesser Sixth Amendment violations. <u>United States v. Bradshaw</u>, 999 F.2d 798, 801 (4th Cir. 1993) (internal quotation marks omitted). Although Martin generally complains about his prior state convictions, that, even if true, could not be used to exclude reference to the facially valid state convictions during his federal criminal proceedings. <u>See</u> <u>Custis</u>, 511 U.S. at 496-97 (refusing to entertain during federal sentencing proceedings a challenge to state convictions on grounds that the petitioner was denied effective assistance of counsel). The presentence report, the accuracy of which Martin does not dispute, indicates that Martin was represented by counsel in conjunction with the relevant prior convictions. Thus, Martin fails to identify a viable basis by which counsel could have challenged Martin's prior convictions. Counsel's failure to make a frivolous objection can be neither

deficient nor prejudicial. Claim 1(a) is without merit, and will be DISMISSED.

In Claim 1(b), Martin contends that he sought to have counsel object to the drug quantity for which the Court held Martin responsible.[1] According to Martin, some of the substances seized were not crack cocaine. At sentencing Martin was found responsible for 15.354 grams of crack. (Presentence Report ¶ 11.) This amount coincides with the amount of crack that Martin acknowledged during his Rule 11 proceedings that he had in fact distributed. Martin does not identify any exceptional circumstances that would permit him to disavow that amount in the present proceedings. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005)("In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.") Additionally, certificates of analysis provided in discovery showed that the substances in question were crack cocaine. (See Gov't. Resp., Decl. of Counsel ¶ 2.) Finally, because the Court determined that Martin was a career offender, the quantity of drugs

---

[1] To the extent that Martin claims that counsel should have filed a motion to suppress any evidence, Martin's claim fails because he offers no legal basis for making such a motion. Indeed, Martin fails to specify the evidence which he claims counsel should have sought to suppress. (Renewed Mot. to Amend 3.)

for which he was responsible did not affect his sentence. United States Sentencing Guidelines § 4B1.1. Thus, Martin fails to show that counsel was deficient or that he suffered any prejudice. Claim 1(b) is without merit, and will be DISMISSED.

B.  Claim 3:  Failure to Adequately Investigate

In Claim 3, Martin asserts that counsel should have consulted witnesses who would have testified as to his innocence. "[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) (citing Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990)). Because Martin makes no such proffer, he has failed to demonstrate deficiency or prejudice. Claim 3 will be DISMISSED.

C.  Claim 2:  Failure to File an Appeal

Martin alleges counsel failed to file an appeal, in direct contravention of Martin's orders. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). In such cases prejudice is presumed, and the petitioner need not show any chance of success on appeal. United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). Because Martin's allegations, if true, would entitle him to relief, the Court must hold an

evidentiary hearing. See United States v. White, 366 F.3d 291, 297 (4th Cir. 2004); United States v. Magini, 973 F.2d 261, 264 (4th Cir. 1992); see also United States v. Crawford, No. 97-7138, 1998 WL 610870, at *1 (4th Cir. Sept. 3, 1998) ("[A] district court may not credit an attorney's affidavit over a petitioner's verified papers without conducting an evidentiary hearing."). Accordingly, Claim 2 will be REFERRED to the Honorable M. Hannah Lauck for such further proceedings as are necessary. The undersigned District Judge will retain jurisdiction to enter a final order in this matter.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Martin and counsel for the United States.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 17, 2010
Richmond, Virginia