

SEP 1 5 2015

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:07CR122

TYTRAY L. MARTIN

### MEMORANDUM OPINION

Tytray L. Martin, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 63).[1] The Government has responded, asserting, inter alia, that Martin's § 2255 Motion is barred by the statute of limitations. (ECF No. 65.) For the reasons set forth below, the § 2255 Motion will be dismissed as a successive, unauthorized § 2255 motion. Moreover, even if it is not successive, it would be barred by the statute of limitations.

## I.  PROCEDURAL HISTORY

On April 3, 2007, a grand jury charged Martin with two counts of distribution of cocaine base, and one count of distribution of five or more grams of cocaine base. (Indictment 1-3, ECF No. 1.) On June 6, 2007, Martin pled guilty to Count Two, which charged him with distribution of cocaine base. (Plea

---

[1] The Court employs the pagination assigned to Martin's submissions by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from Martin's submissions.

Agreement ¶ 1, ECF No. 14.)  On August 24, 2007, the Court entered judgment against Martin and sentenced him to 188 months of imprisonment.  (J. 2, ECF No. 23.)  Martin did not appeal. Instead, Martin filed a myriad of § 2255 motions.

On November 14, 2007, the Court received a § 2255 motion from Martin.  (ECF No. 26.)  Subsequently, on February 15, 2008, Martin filed a motion to amend that § 2255 motion.  (ECF No. 28.)[2]  By Memorandum Order entered on April 29, 2008, the Court denied Martin's motion to amend without prejudice.  (ECF No. 32, at 1-2.)  On July 15, 2008, Martin filed a renewed

---

[2]  In the motion to amend, Martin sought to combine his § 2255 motion with another § 2255 motion that was transferred to this Court by the Northern District of West Virginia.  (See Martin v. Att'y Gen., No. 3:08cv55 (E.D. Va.).)  Martin had already voluntarily dismissed this transferred § 2255 motion. (ECF No. 28, at 1.)  In explaining the convoluted procedural history, the Court noted:

On December 21, 2007, the United States District Court for the Northern District of West Virginia transferred the 28 U.S.C. § 2255 motion that Martin had filed in that court to this Court.  Martin, however, had already filed another 28 U.S.C. § 2255 motion in this Court.  Accordingly, by Memorandum Order entered on February 1, 2008, the Court directed Martin to show cause why the transferred action should not be dismissed without prejudice to the litigation of the 28 U.S.C. § 2255 motion that was already pending before this Court in Martin's criminal case.  On February 11, 2008, Martin moved to voluntarily dismiss the transferred action, and on February 27, 2008 the Court entered an Order dismissing that action [without prejudice].  See Martin v. U.S. Att'y Gen., No. 3:08cv55, Order (E.D. Va. Feb. 27, 2008).

(ECF No. 32, at 1 n.1.)

motion to amend, raising three claims of ineffective assistance of counsel. (ECF No. 33, at 3.) By Memorandum Opinion and Order entered on August 6, 2008, the Court denied the claims in Martin's original § 2255 motion, granted Martin's renewed motion to amend, and directed the Government to respond to the new claims. United States v. Martin, No. 3:07CR122, 2009 WL 2434598, at *1-2 (E.D. Va. Aug. 6, 2008).

By Memorandum Opinion and Order entered on November 17, 2010, the Court dismissed all of Martin's claims on the merits except his claim that counsel failed to file an appeal; that claim was referred to the United States Magistrate Judge for further proceedings. United States v. Martin, No. 3:07CR122, 2010 WL 4789625, at *2-3 (E.D. Va. Nov. 17, 2010). By Order entered on November 23, 2010, the Magistrate Judge ordered that the parties submit documentation concerning Martin's claim that counsel failed to file an appeal. (ECF No. 50, at 1-2.) Instead of doing so, Martin filed a motion to voluntarily dismiss his amended § 2255 motion. (ECF No. 51, at 1.) On January 13, 2011, the Court granted Martin's motion and dismissed the action without prejudice. (ECF Nos. 52 and 53.)

On December 17, 2012, Martin's present § 2255 Motion was filed.  (§ 2255 Mot. 1.)[3]  In his § 2255 Motion, Martin raises the following claims:

| | | |
|---|---|---|
| Claim One: | "The substance alleged did not meet the 'legal' [and] factual definition of cocaine base in light of recent decision in Depierre v. US 131[] S.Ct. 2225 (June 2011)."  (§ 2255 Mot. 5.) | |
| Claim Two: | "Ineffective assistance during sentencing."  (§ 2255 Mot. 8.) | |

## II.  MARTIN'S § 2255 IS SUCCESSIVE AND UNAUTHORIZED

Although the Government has not argued that Martin's § 2255 Motion is a successive, unauthorized motion, the Court must address this issue first.  The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism."  Felker v. Turpin, 518 U.S. 651, 657 (1996).  Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the

---

[3] Generally, a § 2255 motion is deemed filed as of the date the inmate places it in the prison system for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  However, Martin did not date his § 2255 Motion, and the envelope in which it was mailed does not contain a clear postmark.  Accordingly, the Court will use the date Martin's § 2255 Motion was filed with the Court.

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Accordingly, this Court lacks jurisdiction to entertain a second or successive § 2255 motion from Martin absent authorization from the United States Court of Appeals for the Fourth Circuit.

Martin has clearly filed a previous § 2255 motion. Nevertheless, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). For a petition to qualify as successive, "the dismissal of the first habeas petition must be on the merits." Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011) (citing Slack v. McDaniel, 529 U.S. 473, 485-89 (2000)); see also Thai v. United States, 391 F.3d 491, 494 (2d Cir. 2004) (citations omitted) (noting that "an initial petition will 'count' where it has been adjudicated on the merits or dismissed with prejudice").

By Memorandum Opinion and Order entered on August 6, 2008, the Court denied as meritless the three (3) claims in Martin's original § 2255 motion, granted Martin's renewed motion to amend, and directed the Government to respond to Martin's new

5

claims of ineffective assistance of counsel. <u>United States v. Martin</u>, No. 3:07CR122, 2009 WL 2434598, at *1-2 (E.D. Va. Aug. 6, 2008). Moreover, by Memorandum Opinion and Order entered on November 17, 2010, the Court dismissed two (2) of Martin's ineffective assistance claims on the merits, <u>United States v. Martin</u>, No. 3:07CR122, 2010 WL 4789625, at *2-3 (E.D. Va. Nov. 17, 2010).

Because the Court dismissed five (5) of Martin's previous claims on the merits, the Court cannot conclude that Martin's previous § 2255 motions do not count for purposes of determining whether Martin's most recent § 2255 Motion is an unauthorized successive motion. <u>Cf.</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-33 (2005) (emphasizing the rule against second habeas applications seeking to preclude the resolution of the merits of claims in successive applications for relief). To do so would be to allow Martin to "thwart the limitations on the filing of second or successive motions." <u>Felder v. McVicar</u>, 113 F.3d 696, 698 (7th Cir. 1997) (finding habeas petition successive after voluntary dismissal because record demonstrated petitioner believed the claim lacked merit). The Court has not received authorization from the United States Court of Appeals to hear Martin's successive § 2255 Motion. Accordingly, the § 2255 Motion (ECF No. 63) will be dismissed for want of jurisdiction.

6

## III. STATUTE OF LIMITATIONS

Even if Martin's § 2255 Motion is not a successive, unauthorized motion, the Court finds that the motion is barred by the statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

7

Because Martin did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, September 10, 2007, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Martin had until Wednesday, September 10, 2008 to file any motion under 28 U.S.C. § 2255. While Martin's previous § 2255 motion was filed before Wednesday, September 10, 2008, that motion was dismissed on January 13, 2011. The instant § 2255 Motion was not filed until December 2012, more than four years beyond the limitation period. Accordingly, it is untimely under 28 U.S.C. § 2255(f)(1).[4]

---

[4] Martin does not argue that he is entitled to have the limitations period tolled during the pendency of his first § 2255 motion. Moreover, courts have found that no such statutory tolling language exists under § 2255 as it does for 28 U.S.C. § 2254 petitions. Cf. Trenkler v. United States, 268 F.3d 16, 22-24 (1st Cir. 2001) (citation omitted) (explaining that § 2255 lacks the tolling language that is present in 28 U.S.C. § 2244(d)(2), thereby "giv[ing] rise to a negative inference that the statute of limitations for § 2255 is not tolled while federal prisoners pursue other forms of post-conviction relief."); United States v. Prescott, 221 F.3d 686, 689 (4th Cir. 2000) (declining to toll limitations period during pendency of Fed. R. Crim. P. 33 motion, and explaining that

A § 2255 petitioner may obtain a belated commencement of the limitation period to "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Although Martin does not explicitly mention § 2255(f)(3), he asserts that his first claim "just became ripe for adjudication[] after the decision[] by the U.S. Supreme Court" in DePierre v. United States, 131 S. Ct. 2225 (2011).  (§ 2255 Mot. 5.)  In DePierre, the Court held that "the term 'cocaine base' as used in [21 U.S.C.] § 841(b)(1) means not just 'crack cocaine,' but cocaine in its chemically base form." 131 S. Ct. at 2237.  However, "DePierre did not recognize a new right retroactively applicable to cases on collateral review." United States v. Robinson, No. 3:06CR234-HEH, 2013 WL 4590999, at *2 (E.D. Va. Aug. 28, 2013) (citing United States v.

"[r]ather than providing support for [tolling under § 2255], we believe that § 2244(d)(2) counsels against tolling in the present case"); Martinez v. United States, Nos. B-13-155, B-10-1119-2, 2014 WL 4966261, at *3 (S.D. Tex. Oct. 1, 2014) (explaining that "[u]nlike the statutory tolling available for some state proceedings . . . none of [Martin's] federal proceedings provide a statutory basis for tolling the limitations period".)

Even if Martin's prior § 2255 motion somehow tolled the limitations period while it was pending, Martin's § 2255 Motion would still be untimely.  Martin filed the instant § 2255 Motion almost two years after the Court's January 3, 2011 Memorandum Opinion and Order dismissing his prior § 2255 motion.

9

*Liverman*, 881 F. Supp. 2d 717, 719 (E.D. Va. 2012); <u>United States v. Crump</u>, No. 7:06-cr-00007-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012)). Therefore, Martin's § 2255 Motion cannot be timely under 28 U.S.C. § 2255(f)(3). Thus, Martin has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[5]

### III. CONCLUSION

For the foregoing reasons, Martin's § 2255 Motion (ECF No. 63) will be dismissed for want of jurisdiction. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Martin and counsel for the Government.

It is so ORDERED.

/s/

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 14, 2015

---

[5] Neither Martin nor the record suggest a basis for belated commencement of the limitations period under 28 U.S.C. § 2255(f)(2) or (4), or for equitable tolling.

10